IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THROUGHTEK CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No._____ |
| | ) | |
| v. | ) | |
| | ) | |
| REOLINK INNOVATION INC, | ) | **JURY TRIAL DEMANDED** |
| REOLINK INNOVATION CO., LTD (CHINA), | ) | |
| AMAZON.COM INC., | ) | |
| HOME DEPOT USA INC., | ) | |
| LOWE'S HOME IMPROVEMENT, LLC., | ) | |
| MICRO CENTER INC., | ) | |
| TARGET CORPORATION, and | ) | |
| WALMART INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**PLATINIFF'S ORGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff ThroughTEK Co., Ltd. (ThroughTEK), by and through its attorneys, hereby alleges for its patent infringement Complaint against Defendants Reolink Innovation Inc. (Reolink USA), Reolink Innovatrion Co., Ltd (Reolink China), Amazon.com (Amazon), Home Depot USA Inc. (Home Depot), Lowes's Home Improvement, LLC. (Lowe's), Micro Center Inc. (Micro Center), Target Corporation (Target), and Walmart Inc. (Walmart) as follows:

1

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's United States Patent No. RE47,842 (the "'842 Patent") under the Patent Act, 35 U.S.C. § 271, based on Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of network monitoring devices including, but not limited to, network cameras and network video recorders ("NVRs") in the United States.

2. Defendants have infringed and continue to infringe, have induced and continue to induce infringement of, and have contributorily infringed and continue to contributorily infringe, one or more claims of the '842 Patent at least by making, using, importing, selling and offering to sell the cameras and NVRs.

3. ThroughTEK is the legal owner by assignment of the '842 Patent, which was duly and legally issued by the United States Patent and Trademark Office (USPTO). ThroughTEK seeks injunctive relief and monetary damages.

## PARTIES

4. Plaintiff ThroughTEK is a corporation organized and existing under the laws of Taiwan with its principal place of business at 9F, No. 364, Sec. 1, Nangang Rd., Nangang Dist., Taipei City 11579, Taiwan.

5. Upon information and belief, defendant Reolink Innovation Inc. (Reolink USA) is a corporation organized and existing under the laws of Delaware; the registered agent is Corporation Service Company with the mailing address at 251 Little Falls Drive, Wilmington, DE 19808.

6. Upon information and belief, defendant Reolink Innovation Co. Ltd at China ("Reolink China") is a corporation organized and existing under the laws of China with its

principal place of business at Floor 2, Building 2, Factory Building, Yuanling Industrial Area, Shangwu Community, Shiyan Sub-district, Bao'an District, Shenzhen, Guangdong, China.

7. Upon information and belief, defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of Delaware with its principal place of business at 410 Terry Ave. N, Seattle, WA 98109. Amazon's registered agent is Corporation Service Company at the mailing address 251 Little Falls Dr., Wilmington, DE 19808.

8. Upon information and belief, defendant Home Depot U.S.A. Inc. ("Home Depot") is a corporation organized and existing under the laws of Delaware with its principal place of business at 2455 Paces Ferry Rd., Atlanta, GA 30339-4024. Home Depot's registered agent is Corporation Service Company at the mailing address 251 Little Falls Dr., Wilmington, DE 19808.

9. Upon information and belief, defendant Lowe's Home Improvement, LLC. ("Lowe's") is a corporation organized and existing under the laws of North Carolina with its principal place of business at 1000 Lowe's Blvd., Mooresville, NC 28117-8520. Lowe's registered agent is The Corporation Service Company with mailing address 251 Little Falls Dr., Wilmington, DE 19808.

10. Upon information and belief, defendant Micro Center Inc. ("Micro Center") is a corporation organized and existing under the laws of Delaware with its principal place of business at 4119 Leap Rd. Hilliard, OH 43026. Micro Center's registered agent is Registered Agents, Ltd. at the mailing address 1013 Centre Rd. #403s, Wilmington, DE 19805.

11. Upon information and belief, defendant Target Corporation ("Target") is a corporation organized and existing under the laws of Minnesota with its principal place of business at 1000 Nicollet Mall, Mpls, MN 55403. Target's registered agent in the State of

Delaware is The Corporation Trust Company with mailing address Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

12. Upon information and belief, defendant Walmart Inc. ("Walmart") is a corporation organized and existing under the laws of Delaware with its principal place of business at 702 SW 8th St #555 Bentonville, AR 72716. Walmart's registered agent in the State of Delaware is The Corporation Trust Company with mailing address Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

13. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

14. This court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

15. The Defendants are all subject to this Court's specific or general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, by virtue of at least their substantial business conducted in this forum, directly and/or through intermediaries, including having solicited business in the State of Delaware, transacted business within the State of Delaware and attempted to derive financial benefit from residents of the State of Delaware, including benefits directly related to the instant patent infringement causes of action set forth herein.

16. Defendants directly and/or through intermediaries have advertised, offered to sell, sold and/or distributed products made with the patented technology in this District. Further, Defendants directly and/or through intermediaries have purposefully and voluntarily placed such products in the stream of commerce knowing and expecting them to be purchased

and used by consumers in this District.

17. Defendants have purposefully and voluntarily placed the cameras and NVRs on nationwide chain stores or e-commerce websites with the expectation that the infringing products will be used and sold in this District. These infringing products have been and continue to be used and sold in this District.

18. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) at least because the Defendants has committed acts of infringement in this District.

19. Defendants Reolink China is a non-US resident. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3).

## UNITED STATES PATENT NUMBER RE47,842

20. United States Patent Number RE47,842 is titled "System and Method of Identifying Networked Device for Establishing a P2P Connection", which claims the earliest priority to the United States Provisional Application number 61/812,262, filed on April 16, 2013. Plaintiff is the sole owner of the '842 Patent. A true and correct copy of the '842 Patent is attached as Exhibit A.

21. The '842 Patent claims patent-eligible subject matter and is valid and enforceable.

22. Defendants are not licensed to the '842 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '842 Patent.

23. Generally speaking, the '842 Patent relates to a system and method for establishing a P2P (point-to-point) connection via scanning an image, such as a bar code or QR code.

24. By way of example, Claim 12 of the '842 Patent reads as the follows:

A method to identify networked device for establishing a point-to point (P2P) connection, the method comprising the steps of:

(a) connecting a first networked monitoring device to a network server through the Internet, wherein the network server has a list of networked devices that are pre-registered in the network server, wherein the network server associates a corresponding identification of each networked device with a corresponding IP address of the networked device for enabling terminal devices to establish P2P connections with the plurality of networked devices;

(b) registering a first identification of the first networked monitoring device into the list of networked devices of the server;

(c) providing an image pattern comprising the first identification, wherein the image pattern is attached on the first networked monitoring device for establishing a P2P connection with the first networked monitoring device;

(d) generating a connection request signal by a terminal device when the image pattern is captured to the terminal device and transmitting the connection request signal to the network server by the terminal device through the Internet; and

(e) identifying the first networked monitoring device in the list of the networked devices of the network server to obtain the first identification according to the connection request signal and obtain the corresponding IP address of the first networked monitoring device according to the obtained first identification for establishing a P2P connection between the terminal device and the first networked monitoring device, wherein the network server respectively transmits hole-punching messages to the terminal device and the first networked monitoring device via the Internet to establish the P2P connection, and wherein the first networked monitoring device does not capture any image pattern associated with the terminal device for establishing the P2P connection between the terminal device and the first networked monitoring device.

25. Figures 1 and 3-4 of the '842 Patent show diagrams of an exemplary embodiment of the invention, illustrating how a P2P connection is established:



Fig. 1



Fig. 3



Fig. 4.

26. In the above embodiment, a terminal device 30, such as a cell phone, scans an image 201 on the network monitoring device 20 for establishing a P2P connection. The terminal device 30 sends the P2P connection request to the server 10 upon scanning the image on the network monitoring device. The network server 10 then sends necessary information 401 and

7

402 to the network monitoring device 20 and the terminal device 30 respectively, and the P2P connection 50 is established between the network monitoring device 20 and the terminal device 30.

## THE ACCUSED INSTRUMENTALITIES

27. Defendants manufacture, sell, offer to sell, facilitate to sell, facilitate to offer to sell, or import the network monitoring devices, which these network monitoring devices facilitate establishing the P2P connection via scanning an image.

28. These network monitoring devices include, but not limited to, cameras and any network devices relating and supporting any monitoring functions.

29. Hereafter, the Accused Instrumentalities include any network monitoring device with an associated image for establishing a P2P connection, any software for supporting establishing the P2P connection associated with an image, and any beyond the scene services for supporting establishing such P2P connection.

## ACTS GIVING RISE TO THIS ACTION

### A. Defendants Reolink USA and Reolink China

30. Upon information and belief, Defendants manufacture, sell, offer to sell, facilitate to sell, or facilitate to offer to sell the Accused Instrumentality in United States, or import the Accused Instrumentality into the United States.

31. Upon information and belief, Defendants Reolink USA and Reolink China directly sell or offer to sell the Accused Instrumentality, including but not limited to, product model Argus series IP Camera, PoE Camera, and network video recorders (NVR).

32. Upon information and belief, the Accused Instrumentality, including, but not limited to, product model Argus series IP Camera, Poe Camera, and NVR are sold through

retailer channels including, but not limited to, Amazon, Home Depot, Lowe's, Micro Center, Target, and Walmart. These retail channels are nationwide chain stores and e-commerce companies, whose sales websites can be accessed by any customer in the United States.

33. Defendants' products provide an image, and the Defendants Reolink USA and Reolink China also provide an App for consumers to scan the image for establishing a P2P connection. Exhibit B provides a claim chart for mapping the '842 Patent's independent claims 1 and 12 onto Defendants' products.

34. Defendant Reolink USA provide a network monitoring device with an image, and the Defendant Reolink also provides an App for consumers to scan the image for establishing a P2P connection.

35. Exhibit B shows the Defendants' supporting document, the user manual for the PoE Camera. The page 11 of the PoE manual discloses scanning a QR code on the camera for setting up the camera and establishing a P2P connection.

36. Exhibit C shows the Defendants' supporting document, the user manual for the Argus Camera. The page 12 of the manual discloses scanning a QR code on the camera for setting up the camera and establishing a P2P connection.

37. A cease-and-desist letter was sent to the Defendant Reolink USA in regard the '842 Patent on August 12, 2022. Defendant Reolink China responded to the cease-and-desist letter on November 2, 2022, and denied the infringement though a so-called "Reolink IP Manager," Mr. Alex Que at Shenzhen China. It is unclear whether Mr. Que is a representative of Reolink USA and a competent US attorney.

38. As Mr. Que from Reolink China responded to the prior cease-and-desist letter, it is believed that Reolink China manufactures, sells, offers to sells, provides, or imports the

Accused Instrumentalities into the United States.

**B. Defendants Amazon, Home Depot, Lowe's, Micro Center, Target, and Walmart**

39.     Upon information and belief, Defendants Amazon, Home Depot, Lowe's, Micro Center, Target, and Walmart sell, facilitate to sell, offer to sell, and/or facilitate to offer to sell the Accused Instrumentality for at least one of the Co-Defendants in United States.

40.     Each of Defendants Amazon, Home Depot, Lowe's, Micro Center, Target, and Walmart is a retailer or an authorized retailer for the Accused Instrumentalities for at least one Co-Defendant.

41.     Plaintiff has twice sent notices of infringement to Defendant Amazon in regard to the Accused Instrumentalities on October 28, 2022 and November 3, 2022. The Defendant Amazon rejected receipt of Plaintiff's notifications on October 31, 2022 and November 4, 2022 respectively.

**COUNT I: DIRECT INFRINGEMENT ON THE '842 PATENT**

42.     All preceding paragraphs are incorporated by references as if fully set forth herein.

43.     Defendants directly infringe the '842 Patent by manufacturing, selling, and/or offering to sell the Accused Instrumentalities in the United States, and/or by importing the Accused Instrumentalities into the United States, and use and practice the patented method with the Accused Instrumentalities.

44.     Defendants have continued manufacturing, selling, offering to sell, and/or importing the Accused Instrumentalities which use/practice the patented method.

45.     Defendants have continued using and practicing the patented method by

manufacturing, selling, offering to sell, and/or importing the Accused Instrumentalities.

46. Hence, as Defendants have continued using/practicing the patented method by manufacturing, selling, and offering to sell the Accused Instrumentalities, Defendants have infringed the '842 Patent under 35 U.S.C. § 271(a)

47. Defendants Reolink USA, Reolink China, and Amazon have actual or constructive notice of the '842 Patent and were provided notice of infringement.

48. On information and belief, Defendants deliberately continue using the patented method by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities in the United States, and/or importing the Accused Instrumentalities into the United States.

49. Defendants continue the sales, offers for sale, and facilitating the offer of sale of the Accused Instrumentalities in the United States, and/or importing the Accused Instrumentalities into the United States. Hence, Defendants have continued willfully infringed the '842 Patent.

**COUNT II: INDUCING INFRINGEMENT ON THE '842 PATENT**

50. All preceding paragraphs are incorporated by references as if fully set forth herein.

51. Defendants actively induce infringement of the '842 Patent by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities to consumers.

52. By selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities to consumers, Defendants induce consumers to use the patented

method without proper license or authorization from the Plaintiff.

53. Defendants have continued inducing consumers to use the patented method without proper license or authorization from the Plaintiff by continuing selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities to consumers.

54. Hence, as Defendants have continued inducing consumers to use the patented method without proper license or authorization from Plaintiff, Defendants have infringed the '842 Patent under 35 U.S.C. § 271(b).

55. Defendants Reolink USA, Reolink China, and Amazon have actual or constructive notice of the '842 Patent and were provided notice of infringement.

56. On information and belief, Defendants deliberately continue using the patented method by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities in the United States, and/or importing the Accused Instrumentalities into the United States.

57. Defendants continue the sales, offers for sale, and facilitating the offer of sale of the Accused Instrumentalities in the United States, and/or importing the Accused Instrumentalities into the United States. Hence, Defendants have continued willfully infringed the '842 Patent.

**COUNT III: CONTRIBUTORY INFRINGEMENT OF THE '842 PATENT**

58. All preceding paragraphs are incorporated by references as if fully set forth herein.

59. Defendants actively induce infringing the '842 Patent by selling, facilitating to

sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities.

60. Defendants provide the consumers with the App, which is to be downloaded onto the consumers' phones. The Accused Instrumentalities along with consumers' phones use the patented method, which is to complete the P2P connection via an image.

61. The Accused Instrumentalities are solely for the purpose of practicing the patented method.

62. Defendants have continued contributed infringing the patented method by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities which are to be used together with consumers' phones in order to establish the P2P connection via an image.

63. Hence, as Defendants have contributed infringing the '842 Patent under 35 U.S.C. § 271(c).

64. Defendants Reolink USA, Reolink China, and Amazon have actual or constructive notice of the '842 Patent and were provided notice of infringement.

65. On information and belief, Defendants deliberately continue using the patented method by selling, facilitating to sell, offering to sell, and/or facilitating to offer to sell the Accused Instrumentalities in the United States, and/or importing the Accused Instrumentalities into the United States.

66. Defendants continue the sales, offers for sale, and facilitating the offer of sale of the Accused Instrumentalities in the United States, and/or importing the Accused Instrumentalities into the United States. Hence, Defendants have continued willfully infringed the '842 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, ThroughTEK requests judgment against Defendants as follows:

A. Adjudging that Defendants have directly infringed, actively induced infringement of, and/or contributorily infringed the '842 Patent in violation of 35 U.S.C. § 271(a), 271(b), and/or 271(c);

B. Granting an injunction preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '842 Patent pursuant to 35 U.S.C. §283;

C. Ordering Defendants to account and pay damages adequate to compensate ThroughTEK for Defendants' infringement of the '842 Patent, including pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D. Ordering an accounting for any infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales.

E. Finding the Defendants have willfully infringed the '842 Patent, and awarding Plaintiff all allowable damage for their willful infringement, including but not limited to an award of three times Plaintiff's actually damages pursuant to 35 U.S.C. § 284;

F. Declaring this case exceptional and awarding ThroughTEK its reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

G. Awarding such other and further relief as this Court deems just and proper.

Dated: February 28, 2023

Respectfully submitted,

By: _/s/ Gerard M. O'Rourke___

Gerard M. O'Rourke 3265
gorourke@okorlaw.com
O'KELLY & O'ROURKE, LLC
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
Telephone: 302-778-4000

Justin I. King, Esq.
jking@wpat.com
WPAT, P.C.
8230 Boone Blvd., Suite 405
Vienna, VA 22182
Telephone 703-639-0151x100

*Attorneys for Plaintiff ThroughTEK Co., Ltd.*